UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06238-CAS (PDx) | Date | December 9, 2024 |
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al. | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Robin Herrera | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Matthew Carraher      Sarah Zenewicz

**Proceedings:**    ZOOM HEARING RE: MOTION TO REMAND (Dkt. 16, filed on August 19, 2024)

## I.    INTRODUCTION

On June 20, 2024, plaintiff Samantha Shaunee Brown ("plaintiff") filed suit in Los Angeles Superior Court against defendants Western First Aid & Safety, Vestis Corporation, Vestis Group, Inc., Katie Hall, and Does 1 through 50 (collectively "defendants").[1] Dkt. 1-1. On July 24, 2024, defendants removed the case to federal court on the basis of Class Action Fairness Act ("CAFA") jurisdiction. Dkt. 1 ("Notice of Removal").

On August 12, 2024, plaintiff filed her first amended complaint naming the same defendants and asserting nine claims for relief: (1) Failure to Pay Minimum Wages (Cal. Lab. Code §§ 204, 1185, 1194, 1194(a), 1194.2, 1197, 1197.1, 558); (2) Failure to Pay Wages and Overtime (Cal. Lab. Code §§ 204, 510, 558, 1194); (3) Meal Period Liability (Cal. Lab. Code § 226.7; IWC Wage Order ¶ 11); (4) Rest-Break Liability (Cal. Lab. Code § 226.7; IWC Wage Order ¶ 12); (5) Failure to Pay Vacation Wages (Cal. Lab.

---

[1] Defendants request judicial notice of its Foreign Limited Liability (LLC) Name Change Amendment filed with the California Secretary of State on December 27, 2023, attaching its Certificate of Amendment changing the name of Aramark Uniform & Career Apparel, LLC to Vestis Services, LLC. Dkt. 18-2. A court may properly take judicial notice of undisputed matters of public record. See Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Accordingly, the Court finds it appropriate to take judicial notice of this exhibit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                              'O'

| Case No. | 2:24-cv-06238-CAS (PDx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al. | | |

Code § 227.3); (6) Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226(a)); (7) Failure to Timely Pay Final Wages (Cal. Lab. Code § 203); (8) Failure to Reimburse Necessary Business Expenses (Cal. Lab. Code § 2802); and (9) Violation of Business & Professions Code § 17200 *et seq*. ("the UCL"). Dkt. 15 ("Compl") ¶¶ 49-116.

On August 19, 2024, plaintiff filed the instant motion to remand the case to Los Angeles Superior Court. Dkt. 16 ("Mot."). On August 29, 2024, defendants filed their opposition to plaintiff's motion to remand. Dkt. 8 ("Opp."). On September 5, 2024, plaintiff filed her reply. Dkt 22 ("Reply").

On December 9, 2024, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff worked as a non-exempt hourly employee of defendants from about September 2022 to July 28, 2023, when she was terminated. Compl. ¶ 4. Plaintiff seeks in this action to represent nine subclasses: (1) the Minimum Wages Subclass; (2) the Wages and Overtime Subclass; (3) the Meal Period Subclass; (4) the Rest Break Subclass; (5) the Wage Statement Subclass; (6) the Termination Pay Subclass (7) the Vacation Pay Subclass; (8) the Expense Reimbursement Subclass; and (9) the UCL Subclass. Id. ¶ 35(a-i).

Plaintiff contends that she and the Class, or some members thereof, were not paid by defendants for all hours worked or were not paid at the appropriate minimum, regular and overtime rates. Id. ¶ 15. She also alleges that defendants failed at times to pay some or all Class members "all wages due and owing, including by requiring off the clock work, failing to provide meal and rest breaks, failing to furnish accurate wage statements, failing to timely pay wages including final wages, failing to pay out vacation days, and failing to reimburse necessary business expenses all in violation of … the … Labor Code and applicable Wage Orders." Id.

Plaintiff alleges a number of specific examples of off the clock work. These include requirements that employees answer emails promptly even outside of work hours and managers instructing employees to clock out at the end of shifts to avoid overtime, while requiring them to answer any emails received toward the end of a shift after

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:24-cv-06238-CAS (PDx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al. | | |

clocking out. Id. ¶ 16. Plaintiff specifies instances during which she alleges she worked more than eight hours in a day and did other off the clock work, but did not receive the requisite overtime. Id. ¶ 18. Plaintiff also contends that she and others were not paid at the required increased rate for the overtime hours they worked. Id. ¶ 20. She alleges that defendants' "willful actions resulted in the systemic underpayment of wages to Class Members, including underpayment of overtime pay to Class Members, or some of them, over a period of time." Id. ¶ 21. Plaintiff also alleges the specific manner in which meal and rest breaks were interrupted, claiming that "[s]he was made to acknowledge and respond to time sensitive emails, phone calls and/or text messages." Id. ¶ 24. As a result, she alleges, she and other Class Members who were subjected to the same treatment did not receive a full thirty minutes of off-duty rest time. Id. Plaintiff alleges that she and other Class Members were also not afforded premium pay of one hour of additional wages for each meal or rest break that defendants failed to provide, or which was provided but did not meet the requirements of California law. Id. ¶ 25.

Plaintiff also alleges that defendants failed to issue accurate itemized wage statements as required by Labor Code § 226(a) because they failed to accurately list the amount of total hours worked by failing to account for unpaid wages and by failing to account for actual hours worked because of under-reported off the clock work. Id. ¶ 30. Plaintiff also contends that defendants have a policy of failing to pay all wages owed within seventy-two hours of termination and that they regularly required Class Members to incur business expenses in the course of performing their required job duties. Id. ¶¶ 31-32. Plaintiff alleges specifically that she was required to pay for a home WiFi system to do her remote job. Id. ¶ 32.

### III. LEGAL STANDARD

Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

CAFA gives federal courts jurisdiction over certain class actions if (1) "the class has more than 100 members"; (2) "the parties are minimally diverse"; and (3) "the amount in controversy exceeds $5 million." Dart Cherokee Basin Operating Co., LLC v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:24-cv-06238-CAS (PDx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al. | | |

Owens, 574 U.S. 81, 84-85, (2014).  There is no presumption against removal jurisdiction in CAFA cases; however, the defendant still bears the burden of establishing removal jurisdiction.  Id. at 554.  CAFA's "minimal diversity" requirement means that "a federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'"  Mississippi ex rel. Hood v. AU Optronics Corp., 571 U.S. 161, 165, (2014) (quoting 28 U.S.C. § 1332(d)(2)(A)).  Where, as here, the amount in controversy is contested, and the plaintiff does not plead a specific amount in controversy, the defendant's evidentiary burden in opposing a motion to remand depends on whether plaintiff has mounted a facial or factual attack on defendant's jurisdictional allegations.  Salter v. Quality Carriers, Inc., 974 F.3d 959, 964 (9th Cir. 2020).  A facial attack "accepts the truth of the [defendant's] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction," thus calling for the Court to "determine[] whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction."  Id. (quoting Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014)).  In contrast, a factual attack "contests the truth of [defendant's] factual allegations, usually by introducing evidence outside the pleadings."  Id.  "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold."  Harris v. KM Indus., Inc., 980 F.3d 694, 699 (9th Cir. 2020).  Although a plaintiff may present evidence in support of a factual attack, they "need only challenge the truth of defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by the evidence."  Id. at 700.

Under the preponderance of the evidence standard, the removing party must "provide evidence establishing that it is more likely than not that the amount in controversy exceeds [the jurisdictional amount]."  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (internal quotation omitted).  In determining whether the removing party has satisfied this burden, the district court may consider facts in the removal petition and "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  Singer v. State Farm Mut. Auto. Ins. Co.,116 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:24-cv-06238-CAS (PDx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al. | | |

373, 377 (9th Cir.1997) (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335–36 (5th Cir.1995)).

## IV. DISCUSSION

Plaintiff argues that defendants fail to show that CAFA's $5 million amount in controversy requirement is satisfied. Mot. at 3. Plaintiff contends that defendants' declaration, by Alma Magana, through which they seek to establish the size of the putative class and the average pay rates of class members, "proffer[s] no evidentiary support to support their conclusory claims." Id. (citing dkt. 1-3 ("Magana Decl.")). Plaintiff argues that relevant data must be provided and authenticated in "the requisite 'summary-judgment-type' format." Id. (citing Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (internal quotes omitted)). Because defendants provide no evidence or inadequate evidence for their calculations, plaintiff argues, the Court should value their claims at $0. Id. (citing Jauregui v. Roadrunner Transp. Servs., Inc., 28 F.4th 989, 994 (9th Cir. 2022)). Plaintiff contends that defendants "rely on baseless assumptions" to meet the amount in controversy standard because they assume in their calculations "that *every single* putative class member missed one meal and one rest period per work week; that every single class member worked for 30 minutes off the clock each work week; and that [d]efendants committed certain Labor Code violations at an overwhelming **_100% violation rate_**." Id. at 4 (citing dkt. 1 ¶¶ 30, 41, 47). According to plaintiff, such assumptions lead to inflated damage calculations for the minimum wage claims and resultingly inflated valuations of her derivative claim for failure to timely pay wages due at termination. Id.

Plaintiff contends that defendant's calculations contradict the plain language of her complaint, which alleges "that violations occurred 'at times' and 'on occasion.'" Id. at 5. Plaintiff argues that, while a party is permitted to make assumptions based on the allegations of the complaint to establish the amount in controversy pursuant to CAFA, "there is simply no reasonable reading of Plaintiff's allegations (that 'some' putative class members suffered violations 'at times' and 'on occasion') that could possibly support [d]efendants' assumption that every single class member experienced wage-and-hour violations every single pay period throughout the Class Period as could give rise to extreme 100% violation rates." Id. Indeed, plaintiff argues, defendants fail to provide evidentiary support for the proposed violation rates beyond describing the assumptions as reasonable. Id. at 6. Plaintiff contends that producing such evidence should be simple

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-06238-CAS (PDx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al. | | |

for defendants, who "are required to create and maintain the vast majority of wage records most important in determining the amount in controversy in this Action." Id. at 9 (citing Cal. Lab. Code § 226(a)). Plaintiff argues that the fact that defendant assumed a lower violation rate for some of the variables does not make the assumptions less arbitrary, "it only shows how simple it is to manipulate the assumptions to produce totals larger or smaller than the $5 million threshold." Id. (quoting Vanegas v. DHL Express (USA), Inc., No. 21-CV-01538-PA-JCX, 2021 WL 1139743, at *4 (C.D. Cal. Mar. 24, 2021) (quoting Lacasse v. USANA Health Sci., Inc., No. 20-CV-01186-KJM-AC, 2021 WL 107143, at *3 (E.D. Cal. Jan. 12, 2021))). Plaintiff also argues that even if defendants were to adjust their assumed violation rates down, this would be insufficient, because they are required to provide evidence to support such the relevant assumptions. Id. at 7.

Plaintiff argues that the Ninth Circuit has held that even alleging a pattern and practice of violations does not justify an assumed 100 percent violation rate, and that here she did not allege a pattern and practice, but instead based on her "prerogative to plead broadly," she used general language about the frequency of underlying violations. Id. at 11, 13 (citing Ibarra, 775 F.3d at 1199; Holcomb v. Weiser Sec'y Servs., Inc., 424 F. Supp. 3d 840, 844 (C.D. Cal. 2019)). Plaintiff proceeds to go through the unreasonableness of each calculation, for minimum wage damages, meal periods, rest breaks, wage statements, final pay calculations, and attorney's fees, relying on these same fundamental arguments. Id. at 10-21.

Plaintiff contends that "remand is also warranted on the independent ground that the Court lacks equitable jurisdiction over [p]laintiff's claim for equitable relief under California's Unfair Competition Law, codified at Business & Professions Code Section 17200 et seq." ("UCL"). Id. at 7.

In opposition, defendants contend that their Notice of Removal plausibly alleges minimal diversity and considers only some of plaintiff's causes of action and her request for attorneys' fees to establish an amount in controversy of over $5 million, which is sufficient to establish CAFA jurisdiction pursuant to Dart Cherokee. Opp. at 1. Defendants argue that "at times" can mean every week, which plaintiff acknowledges in her motion, and which is the frequency defendants used in their calculations. Id. Additionally, defendants argue that it is reasonable to assume that every "Class Member suffered violations because [p]laintiff alleges each Class Member suffered violations and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-06238-CAS (PDx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al. | | |

only alleges in the alternative that it could have just been some of them." Id. at 1-2 (citing Compl. ¶ 15). Defendants contend that even assuming only half the members of the class suffered violations, half of the time, the complaint would still place over $6 million in controversy, which means the Court should deny plaintiff's motion to remand. Id. at 2.

Defendants argue that plaintiff is incorrect that there is a presumption against removal jurisdiction, as such a presumption was rejected by the Supreme Court in Dart Cherokee, which also rejected a requirement that summary judgment style proof of the kind plaintiff argues is necessary is required to support removal. Id. Defendants contend that Dart Cherokee held that a defendant only needs to plausibly allege that the jurisdictional amount in controversy threshold is met, and that defendant may rely on "'a chain of reasoning that includes assumptions'" to do so. Id. at 5 (citing Dart Cherokee, 574 U.S. at 89; Arias v. Residence Inn by Marriott, 936 F.3d 920, 925 (9th Cir. 2019)). According to defendants, the burden of establishing the amount in controversy is light in this case, especially because plaintiff makes a facial challenge to the allegations in the Notice of Removal. Id. at 6 (citing Salter, 974 F.3d at 964 (quoting Leite, 749 F.3d at 1121)). Defendants contend that they have no burden to produce extensive records to prove or disprove their liability at this stage of the litigation, rather they argue they can rely on reasonable assumptions without proving violations actually occurred at the assumed rate. Id. at 6-7 (citing Muniz v. Pilot Travel Ctrs. LLC, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007); Arias, 936 F.3d at 927). Defendants contend that declarations, like the Magana declaration, "attesting to the size of the class and various metrics like workweeks and pay rates routinely satisfy a defendant's low evidentiary burden to establish the amount placed in controversy by a complaint." Id. at 7 (citing Jauregui v. Roadrunner Transp. Servs., 28 F.4th 989, 993-94 (9th Cir. 2022); Serrieh v. Jill Acquisition LLC, 2023 WL 8796717, at *3 (E.D. Cal. Dec. 20, 2023)). Defendants argue that the declaration of Mikaela Davis, submitted with their opposition, further supports the reasonableness of assumptions made because it shows that "the putative class is entitled to at least one meal break and two rest breaks per workday, or five meal breaks and ten rest breaks per workweek, which in turn means that an assumption of one meal break violation per workweek would be a 20% violation rate, and one rest break violation per workweek is a 10% violation rate." Id. at 7-8. Defendants also contend that their assumptions are reasonable based on plaintiff's statements in her complaint and in her PAGA Notice Letter filed with the California Labor & Workforce Development

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:24-cv-06238-CAS (PDx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al. | | |

Agency, of which defendant requests the Court take judicial notice.[2] Id. at 8 (citing dkt. 18-3 ("PAGA Letter")).

    Defendants argue that in their Notice of Removal, they "conservatively calculated the amount placed in controversy by [plaintiff's minimum wage] claim based on the fact that members of the putative class have worked at least 222,824 workweeks during the Class Period at the lowest applicable minimum wage rate of $13.00 per hour, along with the reasonable assumption of just a half hour of unpaid minimum wage and an equal amount of liquidated damages per workweek." Id. (citing Notice of Removal ¶ 29). Defendants argue that the complaint alleges that during the course of their employment, class members were at times not paid all wages owed and that it was a policy and practice to not pay for all hours worked, including off the clock work pre- and post-shift and during meal periods, as to misstate time records. Id. (citing Compl. ¶§ 16, 21, 25, 48). Based on plaintiff's claims that minimum wage violations occurred "regularly" and "systematically" in her PAGA letter, defendants argue that it is conservative to estimate a mere half hour per workweek of unpaid time at the lowest minimum wage rate of $13 per hour. Id. at 9. Defendants argue that courts "routinely accept at least one hour per workweek as a reasonable assumption for the amount in controversy for unpaid wage claims." Id. (citing various case law wherein courts accepted assumptions of one hour or more of unpaid wages when policy and practice allegations were made). Additionally, defendants contend that the amount in controversy is the maximum a plaintiff can

---

[2] The Court finds that judicial notice of plaintiff's PAGA letter is appropriate. Ovieda v. Sodexo Operations, LLC, No. 12-CV-1750-GHK-SSX, 2013 WL 3887873, at *2 (C.D. Cal. July 3, 2013) (determining that a PAGA letter is properly noticed because it is part of the public record in the PAGA proceedings). However, the Court concludes that the PAGA letter's use of "regularly" and "consistently" to describe violations does not serve to render defendant's assumed violation rates reasonable. It is true that "[i]f a complaint alleges a 'uniform' practice of violation and offers 'no competent evidence in rebuttal to the defendant's showing,' then 'courts have found the defendant's assumption of 100% violation rate to be reasonable,'" La Grow v. JetBlue Airways Corp., No. 24-CV-00518-ODW-SKX, 2024 WL 3291589, at *3 (C.D. Cal. July 3, 2024), but here, defendants offer the PAGA letter's "consistently" and "regularly" language as though these terms are equivalent to "uniformly," without explanation and with regard to meal break and rest period claims, assume from this language that the violation rate is ten or twenty percent, rather than 100 percent as the case law would dictate were the terms interchangeable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:24-cv-06238-CAS (PDx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al. | | |

reasonably recover, thus assuming one violation per workweek is reasonable. Id. at 10 citing Arias, 936 F.3d at 927).

It does not make sense, defendants contend, for plaintiff to claim that only some members of the class suffered minimum wage violations because she pled her claim on behalf of all class members and alleges that these violations were due to policies and practices that applied uniformly. Id. at 11. Defendants argue that any claim that the violation was only committed against some class members was presented in the alternative to a claim that it applied to all class members. Id.

As to meal and rest periods, defendant argues their calculations were again reasonable and conservative because "[p]laintiff's litany of meal and rest break violation theories put at least one meal period and one rest period violation per workweek in controversy," given that plaintiff alleges that meal break violations occurred "regularly" and rest break violations occurred "consistently." Id. at 12-14 (citing Notice of Removal at ¶¶ 31-37; Compl. ¶¶ 24, 77). Defendants restate their argument that the amount in controversy is the maximum plaintiff could reasonably recover, and thus their assumption is supported, despite plaintiff's argument that defendants' assumptions are unfounded. Id.

Defendants next defend their wage statement damages calculation, arguing that they "reasonably assumed every wage statement was inaccurate in at least one respect given the broad allegations of the underlying Labor Code violations and [p]laintiff's broad assertions of generally defective wage statements that allegedly failed to meet all nine of the requirements of subsection (a) of Labor Code section 226." Id. at 15-16 (citing Notice of Removal ¶ 38). According to defendants, "[p]laintiff cannot seek to represent every putative Class Member for wage statement penalties and at the same time take issue with including every putative Class Member when calculating the maximum amount that [p]laintiff could theoretically recover for these penalties." Id. at 16 (citing Alfaro v. Banter by Piercing Pagoda, No. 22-CV-00266-CJC-ADSX, 2022 WL 1284823, at *3 (C.D. Cal. Apr. 29, 2022)). Defendants argue that plaintiff's PAGA letter said that all wage statements were inaccurate, and thus the 100 percent assumed violation rate is supported. Id. at 17 (citing PAGA Letter at 9). Because based on her complaint plaintiff could seek wage statement penalties for every statement and for every class member,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-06238-CAS (PDx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al. | | |

defendant argues that "penalties for all wage statements to the Class Members during this period are in controversy." Id.

Defendant argues that the calculation of the final pay claim damages was reasonable because it "assumed that the maximum 30-day waiting time penalty [applied] for every terminated Class Member in the three-year statute of limitations." Id. at 18. Again, defendants argue that plaintiff's "at times" and "some of them" arguments are incorrect, because these were pled in the alternative and all class members are "in play" for this claim. Id. at 18. Defendants argue that courts usually apply a 100 percent violation rate to direct and derivative waiting time penalty claims because "the recovery of waiting time penalties does not hinge on the number of violations committed; rather [defendants] 'need only have caused and failed to remedy a single violation per employee for waiting time penalties to apply.'" Id. at 19 (citing Noriesta v. Konica Minolta Bus. Solutions U.S.A., No. 19-CV-0839-DOC-SPX, 2019 WL 7987117, at *6 (C.D. Cal. June 21, 2019); Wilcox v. Harbor UCLA Med. Ctr. Guild, Inc., 2023 WL 524626 (C.D. Cal. Aug. 14, 2023); additional citations omitted). Because the language of the complaint does not prevent plaintiff from seeking maximum waiting time penalties for every class member who was terminated, defendants argue, the maximum waiting time penalties are in controversy. Id. at 20.

Defendants argue that their estimate of attorneys' fees is also reasonable because an estimate of 2,000 hours to litigate a class action through trial is conservative and because in other actions, plaintiff's counsel has "repeatedly presented to courts in fee motions in class actions that hourly rates for attorneys at his firm range from $450 to $800."[3] Id. at 20-21. The estimate of a minimum of $1 million in attorneys' fees is reasonable based on plaintiff's counsel's history, according to defendants. Id. at 21.

Finally, defendants argue that even if only one fourth of the amount originally calculated by defendants was used, the amount in controversy for CAFA jurisdiction would still be satisfied. Id. at 21-22.

In reply, plaintiff contends first that defendants misstate the relevant legal standard by citing authority that that pertains only to cases discussing the standard for considering

---

[3] The Court agrees with defendants that judicial notice of court filings of the kind proffered in defendant's Exhibits C-G, dkts. 18-5-18-9, is proper pursuant to Federal Rule of Evidence 201, but the Court concludes that because attorneys' fees are to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-06238-CAS (PDx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al. | | |

a notice of removal before a challenge by a motion to remand. Reply at 2. Plaintiff contends that she mounts a factual attack on defendants' Notice of Removal, rather than a facial attack because she challenges the truth of defendants' plausible allegations and claims that defendants misinterpret her complaint. Id. (citing Salter, 974 F.3d at 965). Plaintiff argues that defendants admit the Salter court's judgment was limited to when removal is challenged on the grounds that defendant's assumptions of violation rates were not backed by evidence that would support summary judgment and that defendants goes on to assert a different standard which is no longer applicable when a notice of removal is challenged by a motion to remand. Id. at 2-3 (citing Opp. at 7). Plaintiff contends that Dart Cherokee and Arias apply only in the context of notices of removal. Id. at 3. Since the amount in controversy is not clear from the face of the complaint, plaintiff argues, defendants must produce evidence of the kind that would refute a motion for summary judgment. Id. (citing Rodriguez v. US Bank Nat'l Ass'n, No. 16-CV-05590-CAS-RAOX, 2016 WL 5419403, at *4 (C.D. Cal. Sept. 26, 2016)). Plaintiff argues that because she specifically challenges defendants' calculations in her motion to remand and in this reply, defendants are required to meet the summary judgment evidence standard of proof.

Plaintiff argues that defendants do not show that the language of her complaint supports their assumptions. Id. at 4. Plaintiff argues that her class allegations do not provide a basis for alleging specific violation rates and that references to a continued course of conduct in a complaint have been held not to change the complaint's overarching allegations of sporadic and intermittent practices. Id. at 4-5. Plaintiff restates her argument regarding her claims that defendants "at times" failed to pay full wages owed to class members "or some of them" on termination and that "at times" wage statements provided to class members "or some of them" did not accord with the law. Id. at 6. Plaintiff contends that defendants do not distinguish the authority she presents in her motion for the proposition that assuming a 100 percent violation rate when such language is used is unreasonable. Id. Plaintiff argues that defendants fail to provide a reasonable basis for the assumptions it makes. Id. at 7. It is defendants' burden, plaintiff contends, to establish the amount in controversy, and defendants here "ha[ve] failed to first come forward with sufficient, competent evidence to meet [their] initial burden,"

---

calculated as a portion of damages, and the Court has not found that defendants' damages calculation is reasonable in this case, the Court does not find that these exhibits establish defendants' attorneys' fees estimate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　'O'

| Case No. | 2:24-cv-06238-CAS (PDx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al. | | |

thus plaintiff does not have to rebut defendants "conjectures with her own evidence to prevail on this Motion." Id. at 8.

Plaintiff next argues that the PAGA letter to which defendants cite is irrelevant because plaintiff asserts no PAGA claims. Id. at 9. Plaintiff restates its argument that defendants have access to the relevant records and could produce evidence for their assertions. Id. According to plaintiff, the declarations provided by defendants are insufficient to support the violation rates they allege, which "amounts to a tacit admission that [d]efendant[s] ha[ve] no evidence supporting [their] assertions regarding their purported violation rates." Id. Plaintiff argues that defendants need reasonable ground underlying their assumptions, pursuant to Ibarra. Id. (citing Ibarra, 775 F.3d at 1199). Plaintiff also contends that defendants' argument with respect to attorneys' fees is incorrect because fees would be a percentage of an amount in controversy that defendants have thus far failed to establish and that past requests for fees are irrelevant. Id. at 10. Plaintiff argues that the Court is also restricted to looking to attorneys' fees accrued prior to removal when determining amount in controversy. Id. (citing Carranza v. Nordstrom, Inc., No. 14-CV-01699-MMM-DTBX, 2014 WL 10537816, at *17 (C.D. Cal., Dec. 12, 2014)). Finally, plaintiff argues that defendants' willingness to reduce their assumptions to one quarter of what they originally claimed was in controversy shows that the original assumptions had no basis. Id. at 11-12.

Defendants removed this action pursuant to CAFA. As stated above, CAFA gives federal courts jurisdiction over certain class actions if (1) "the class has more than 100 members"; (2) "the parties are minimally diverse"; and (3) "the amount in controversy exceeds $5 million." Dart Cherokee, 574 U.S. at 84-85. Here, plaintiffs appear to concede that the parties are minimally diverse and that the proposed class contains more than 100 members. See generally Mot. Accordingly, the Court addresses only whether defendant has adequately established that the "amount in controversy exceeds $5 million."

Plaintiff argues that defendant has failed to establish that the amount in controversy exceeds $5 million. "In measuring the amount in controversy, a court must 'assum[e] that the allegations of the complaint are true and assum[e that] a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint.'" Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quoting Jackson v. American Bankers Ins. Co. of Florida, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997)); see also Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                         'O'

| Case No. | 2:24-cv-06238-CAS (PDx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al. | | |

1141, 1148 (C.D. Cal. Jul. 19, 2010) ("In deciding the amount in controversy, the Court looks to what the plaintiff has alleged, not what the defendants will owe"). "[W]hen the defendant's assertion of the amount in controversy is challenged by plaintiffs in a motion to remand, the Supreme Court has said that both sides submit proof and the court then decides where the preponderance lies." Ibarra, 775 F.3d at 1198. Under this system, the removing party bears the burden of demonstrating that the CAFA amount in controversy requirement is met, but may "rely on *reasonable assumptions* to prove that it has met the statutory threshold." Harris, 980 F.3d at 701 (citing Ibarra, 775 F.3d at 1197; Arias, 936 F.3d at 922).

The Court concludes that plaintiff's challenge is properly considered a factual challenge to defendants' notice of removal because it is in the form of a challenge to the allegations made in the Notice of Removal, rather than an assertion that allegations made by defendant and accepted by plaintiff as true are insufficient to invoke federal jurisdiction. Salter, 974 F.3d at 964. Like the plaintiff in Harris v. KM Industrial, Inc., plaintiff here challenged the assumptions made by defendants regarding how many class members suffered each violation, arguing that defendants' calculation of the amount in controversy was inflated on the basis of these unfounded assumptions. 980 F.3d 694. In Harris, the Ninth Circuit determined that plaintiff raised a factual challenge when he argued that defendant made an unfounded assumption that all employees in the entire class were members of defined meal and rest period violation subclasses, calculating damages for each of these violations based on an assumption that the violation rate was one missed meal period and one missed rest period for every class member. Id. at 700-701. Similarly, here, plaintiff challenges defendants' assumptions regarding violation rates, contending that they were wrong to assume "that every single putative class member missed one meal and rest period per work week; that every single class member worked for 30 minutes off the clock each work week; and that [d]efendants committed certain Labor Code violations at an overwhelming 100% violation rate." Mot. at 4 (citing Notice of Removal ¶¶ 30, 41, 47) (emphasis omitted). The Court finds that plaintiff's challenge to defendants' Notice of Removal is, like Harris's challenge, properly considered a factual challenge. Accordingly, defendants bear the burden to show, by a preponderance of the evidence, that the $5 million amount in controversy threshold is met. Ibarra, 775 F.3d at 1197 (citing Dart, 574 U.S. at 88-89).

The Court finds that though authority in this Circuit suggests that defendants have not presented sufficient evidence to meet their burden on four of the five claims they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　'O'

| Case No. | 2:24-cv-06238-CAS (PDx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al. | | |

address, the Ninth Circuit has specifically approved the kind of assumptions made by defendants on the waiting penalty claim. This claim alone satisfies the CAFA amount in controversy requirement.

　　　The Ninth Circuit has said that "a damages assessment may require a chain of reasoning that includes assumptions," but that "[w]hen that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." Id. at 1199. Here, defendants have made assumptions about violation rates pertaining to five claims of the complaint's nine claims for which they offer amount in controversy calculations, but provide no information as to why the assumptions are reasonable nor do they allege the likely violation rates based on evidence. While courts in this Circuit have determined that when "a defendant must prove the amount in controversy by a preponderance of the evidence, a declaration or affidavit may satisfy the burden," Ray v. Wells Fargo Bank, N.A., No. 11-CV-01477-AHM-JCX, 2011 WL 1790123, at *6 (C.D. Cal. May 9, 2011), declarations as sparse as the Magana declaration submitted by defendant have been found insufficient, Garibay v. Archstone Communities, 539 F. App'x 763, 764 (9th Cir. 2013) (holding insufficient a declaration by a payroll officer setting forth "only the number of employees during the relevant period, the number of pay periods, and general information about hourly employee wages"); Rodriguez v. Rentokil N. Am., Inc., No. 8:24-CV-01356-DOC-DFM, 2024 WL 4467517, at *4 (C.D. Cal. Oct. 10, 2024) (concluding that a declaration including the number of defendant's non-exempt employees, how many were terminated since the relevant date, employees "'typical work schedule,'" and that employees were always paid at least minimum wage was insufficient to determine why violation rates were reasonable); Arnett v. Traditions Health LLC, No. 23-CV-2324-JGB-SHKX, 2024 WL 289916, at *4 (C.D. Cal. Jan. 24, 2024) (finding that meal break and rest period damages calculations lacked sufficient basis where the relevant declaration provided "estimates for the number of employees, workweeks and average hourly wages," but did "not specify what violation rates would be appropriate according to the records she reviewed").

　　　Here, defendants' proffered declaration by Alma Magana, Senior Director of Payroll Operations at Vestis Services, LLC, states that "there are at least 3,512 current and former employees who worked at least 222,824 workweeks" during the relevant period and that their "average hourly rate of pay was $19.03 during this period." Magana Decl. ¶ 3. Magana's declaration also states how many employees received how many wage statements, and how many employees were terminated during the relevant period

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-06238-CAS (PDx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al. | | |

and what their average rate of pay was. Id. ¶¶ 4-5. Defendants provide no other basis for the assumed violation rates proffered in their Notice of Removal. Accompanying their opposition, defendants also provide the declaration of Mikaela Davis, the Director of Human Resources at Vestis Services, LLC. Dkt. 18-1 ("Davis Decl."). Davis states that "[t]he California non-exempt employees are all or nearly all full-time employees" and that they "generally work a five day a week, eight hour a day schedule, at a minimum." Davis Decl. ¶ 4. Pursuant to the above cited authority, these declarations would not provide a sufficient basis for the violation rates that defendants assume in their Notice of Removal, nor do defendants explain how they reached the assumed violation rates extrapolating from these underlying facts. Courts have concluded that "a defendant may establish the amount in controversy by relying on admissible statistical evidence taken from a representative sample and extrapolated to calculate the potential liability for the full class." Duberry v. J. Crew Grp., Inc., No. 14-CV-08810-SVW-MRW, 2015 WL 4575018, at *2 (C.D. Cal. July 28, 2015) (citing LaCross v. Knight Transp. Inc., 775 F.3d 1200, 1202-03 (9th Cir. 2015)). Here, defendants do not seem to provide a representative sample, nor do they explain how they have extrapolated from such a sample to calculate the relevant violation rates and resulting damages.

Additionally, they do not explain in opposition how the assumed rates were reached, other than to say other courts have held the assumed violation rates to be reasonable. However, a mere assertion that the assumed violation rate has been found reasonable in other cases does not mean that it is reasonable in this context, without some factual basis to underlie such an assumption. Arnett, 2024 WL 289916, at *5 (finding that defendant identifying other cases where courts have accepted a twenty percent violation rate does not substitute for a sufficient explanation or evidence of why such an assumption makes sense in the instant case); see also Peters v. TA Operating LLC, No. 22-CV-1831-JGB-SHKX, 2023 WL 1070350, at *9 (C.D. Cal. Jan. 26, 2023) (concluding that the issue with an assumed violation rate was "not necessarily that [d]efendants picked a violation rate that is too high," rather "that the Court cannot discern why it picked that number at all, because [d]efendants never adequately explain their chain of reasoning and certainly provide no real evidence in support of it"). Defendants also do not address the fact that plaintiff defined specific subclasses pursuant to specific provisions of California law, assuming that all members of the putative class are also members of each subclass for the purposes of their calculations, an assumption the Ninth Circuit has said cannot be made without providing some evidentiary basis. Harris, 980 F.3d at 701-702 (holding that "[defendant's failure] to produce any proof that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-06238-CAS (PDx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al. | | |

members of the Hourly Employee Class and the two subclasses were the same and that they all worked shifts long enough to qualify for meal and rest periods … rendered [defendant]'s assumptions unsupported and unreasonable").

On the final wage claim for waiting time penalties, the Ninth Circuit, in contrast to the above authority pertaining to the four other claims addressed by defendants in their Notice of Removal, has approved the kind of assumptions made by defendants in their calculations, even without a comprehensive explanation of those assumptions. In Jauregui v. Roadrunner Transportation Services, Inc., the Ninth Circuit specifically deemed reasonable the assumption that all class members suffered the maximum thirty-day waiting time penalty. 28 F.4th 989, 994. There, the court concluded that "it was not unreasonable for [defendant] to assume that the vast majority (if not all) of the alleged violations over the *four years* at issue in this case would have happened more than 30 days before the suit was filed, which would entitle the employees to the 30-day penalty." Id. Here, defendants do not explain their assumption that all putative class members suffered the maximum waiting time penalty; however, the Ninth Circuit does not require such an explanation for damages calculations on this claim, assuming their reasonableness based on the time period that must have passed between termination and the filing of suit. In its Notice of Removal, defendant cites to Ford v. CEC Entm't, Inc., for its proposition that "[a]ssuming a 100% violation rate is thus reasonably grounded in the complaint … [b]ecause no averment in the complaint supports an inference that these sums were ever paid." Notice of Removal ¶ 47 (citing No. 14-CV-01420-RS, 2014 WL 3377990, at *3 (N.D. Cal. July 10, 2014)). Based on the Ninth Circuit's holding in Jauregui, the Court concludes that assumptions made pursuant to this claim are reasonable, despite the lack of evidence and explanation provided, and that, accordingly at least $6,410,448 is in controversy on the basis of this claim alone. Id.

The Court finds, therefore, that though authority in this Circuit provides that in the case of a factual challenge, a defendant must present summary judgment style evidence to show that assumptions made meet the applicable preponderance standard, the Ninth Circuit has specifically approved the kind of assumptions made by defendants on their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-06238-CAS (PDx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al. | | |

final wages claim. Even if other claims do not meet the requisite evidentiary standard, the amount in controversy for the final wages claim alone is greater than $5 million.

Accordingly, the Court finds that remand is unwarranted in this case and **DENIES** plaintiff's motion to remand.

## V.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion to remand the case to the Los Angeles Superior Court.

The Court takes the motion to dismiss under submission. The Court will hold a hearing on the motion to dismiss if necessary.

IT IS SO ORDERED.

|  | 00 : 14 |
|---|---|
| Initials of Preparer | CMJ |