UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:24-cv-06238-CAS(PDx) | Date | February 6, 2025 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:　　　Attorneys Present for Defendants:

Not Present　　　　　　　　　　　　　　Not Present

**Proceedings:**    (IN CHAMBERS) – MOTION TO DISMISS (Dkt. 17, filed on August 26, 2024)

## I.    INTRODUCTION

On June 20, 2024, plaintiff Samantha Shaunee Brown ("plaintiff") filed suit in Los Angeles Superior Court against defendants Western First Aid & Safety, Vestis Corporation, Vestis Group, Inc., Katie Hall ("Hall"), and Does 1 through 50 (collectively "defendants"). Dkt. 1-1. On July 24, 2024, defendants removed the case to federal court on the basis of Class Action Fairness Act ("CAFA") jurisdiction. Dkt. 1 ("Notice of Removal").

On August 12, 2024, plaintiff filed her first amended complaint naming the same defendants and asserting nine claims for relief: (1) Failure to Pay Minimum Wages (Cal. Lab. Code §§ 204, 1185, 1194, 1194(a), 1194.2, 1197, 1197.1, 558); (2) Failure to Pay Wages and Overtime (Cal. Lab. Code §§ 204, 510, 558, 1194); (3) Meal Period Liability (Cal. Lab. Code § 226.7; IWC Wage Order ¶ 11); (4) Rest-Break Liability (Cal. Lab. Code § 226.7; IWC Wage Order ¶ 12); (5) Failure to Pay Vacation Wages (Cal. Lab. Code § 227.3); (6) Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226(a)); (7) Failure to Timely Pay Final Wages (Cal. Lab. Code § 203); (8) Failure to Reimburse Necessary Business Expenses (Cal. Lab. Code § 2802); and (9) Violation of Business & Professions Code § 17200 *et seq.* ("the UCL"). Dkt. 15 ("Compl") ¶¶ 49-116.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-06238-CAS(PDx) | Date | February 6, 2025 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al | | |

On August 19, 2024, plaintiff filed a motion to remand the case to Los Angeles Superior Court. Dkt. 16. On December 9, 2024, the Court denied plaintiff's motion to remand the case to state court. Dkt. 47.

On August 26, 2024, defendants filed the instant motion to dismiss plaintiff's FAC. Dkt. 17 ("Mot."). On September 5, 2024, plaintiff filed her opposition. Dkt. 21 ("Opp."). On September 12, 2024, defendants filed their reply. Dkt. 29 ("Reply").

This matter was initially set for hearing on December 9, 2024, with plaintiff's motion to remand. At the hearing on the motion to remand, the Court took this matter under submission. Dkt. 47. The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

In her FAC, plaintiff alleges the following:

Plaintiff brings this action on behalf of herself and Class Members, defined as ""all current and former employees within the State of California who, at any time from four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt hourly employees by Defendants WESTERN FIRST AID & SAFETY, a business entity of unknown form; VESTIS CORPORATION, a business entity of unknown form; VESTIS GROUP, INC., a Delaware Corporation; KATIE HALL, an individual and DOES 1 through 50." FAC ¶ 1. Defendants violated provisions of the California Labor Code ("Labor Code"), orders of the Industrial Welfare Commission, and the California Business and Professions code. Id. ¶ 2. Plaintiff was employed by defendants "and (1) shared similar job duties and responsibilities; (2) was subjected to the same policies and practices; and (3) endured similar violations at the hands of [d]efendants as the other Class Members who served in similar and related positions." Id. ¶ 3.

Western First Aid & Safety and Vestis Corporation are business entities of unknown form and Vestis Group, Inc. (collectively the "Vestis defendants") is a Delaware corporation, all three of which have "been the employer listed on the employment records issued to [p]laintiff during the relevant time period that [p]laintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:24-cv-06238-CAS(PDx) | Date | February 6, 2025 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al | | |

was employed with [d]efendants." Id. ¶¶ 5-7. Hall is an individual who was the Regional Operations Manager of the Vestis defendants, and who, in that position, "had control over Plaintiff and other Class Member's wages, hours, general working conditions and as such controlled company policy." Id. ¶ 8.

Plaintiff is informed and believes that each defendant acted as the agent of the others, that they "carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each [d]efendant are legally attributable to the other [d]efendants." Id. ¶10. Defendants were the joint employers of Class Members because they each "exercised control over the wages, hours or working conditions of Class Members, or suffered or permitted Class Members to work, or engaged, thereby creating a common law employment relationship, with Class Members." Id. Hall also violated or caused the referenced Labor Code provisions to be violated in violation of Labor Code § 558.1. Id. ¶ 11.

Class Members, or some of them, worked at defendants' behest, at times without being paid all wages due, either because they were not paid for all hours worked or because they were not paid at the appropriate rates. Id. ¶ 15. Defendants failed at times to pay Class Members, or some of them, all wages owed because they required off-the-clock-work, did not provide required meal and rest break periods, did not furnish accurate wage statements, did not timely pay wages, failed to pay out vacation days, and did not reimburse necessary business expenses. Id.

At times, Class Members were required to answer emails outside of scheduled work hours or were reprimanded by their managers for failing to do so. Id. ¶ 16. Class Members, or some of them, were required to clock out at the end of their shifts or face discipline, even when they were required to answer emails received near the end of a shift after clocking out, and thus were impermissibly denied overtime. Id.

Defendants' "policies, programs, practices, procedures and protocols which resulted in off the clock work … resulted in the systemic underpayment of wages to Class Members, or some of them, including underpayment of overtime pay to Class Members over the relevant time period." Id. ¶ 17. Plaintiff provides the example of the week of October 10, 2022, wherein she alleges she was not paid for all hours worked, and that Class Members experienced the same treatment. Id. ¶ 18. As a result of defendants' policies, Class Members, or some of them, were not adequately compensated for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-06238-CAS(PDx) | Date | February 6, 2025 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al | | |

overtime hours worked, nor were they paid for required off-the-clock work. Id. ¶ 20. For at least four years prior to the filing of this suit, defendants "had a policy or practice of failing, at times, to pay Class Members, or some of them, for all hours worked, and failing to pay minimum wages for all time worked, as required by California law." Id. ¶ 21. As a result, defendants failed to pay at least minimum wage "as the actual times when Class Members were under the control and direction of [d]efendants was under reported in the hours reflected on the timekeeping records." Id. Systematic underpayment resulted from defendants' willful actions. Id.

Defendants also maintained "a policy or practice of failing to pay Class Members, or some of them, their true and correct overtime compensation at premium overtime rates for all hours worked in excess of eight (8) hours a day and/or forty (40) hours a week, and double-time rates for all hours worked in excess of twelve (12) hours a day, in violation of Labor Code § 510 and the corresponding sections of IWC Wage Orders." Id. ¶ 22.

Defendants also failed to provide all required meal and rest breaks. Id. ¶¶ 23-29. Defendants at times failed to provide accurate itemized wage statements. Id. ¶¶ 30. Defendants also failed to pay all wages due, including within seventy-two hours of termination, as required. Id. ¶ 31.

Plaintiff was not provided with vacation time wages she had accrued at the time of her termination and she and other Class members have yet to receive such compensation. Id.

Defendants required plaintiff and Class Members, or some of them, to incur business expenses in the course of required job duties, including home internet expenses. Id. ¶32. Plaintiff worked remotely and so had to have WiFi, which she paid for out of pocket and for which she was not reimbursed, despite defendants being aware of her status as a remote worker. Id. Other Class Members, or some of them had to pay similar costs. Id.

Plaintiff seeks to represent nine defined subclasses. Id. ¶ 35. These are: (1) a minimum wages subclass; (2) a wages and overtime subclass; (3) a meal period subclass; (4) a rest break subclass; (5) a wage statement subclass; (6) a termination pay subclass; (7) a vacation pay subclass; (8) an expense reimbursement subclass; and (9) a UCL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:24-cv-06238-CAS(PDx) | Date | February 6, 2025 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al | | |

subclass. Id. ¶¶ 35(a)-(i). The common questions of fact plaintiff alleges are whether defendants failed to pay Class Members as required, whether they violated the relevant Labor Code and IWC sections as alleged, whether the conduct was willful, whether defendants violated the UCL, and whether Class Members are entitled to equitable relief thereunder. Id. ¶¶ 41 (a)-(o).

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:24-cv-06238-CAS(PDx) | Date | February 6, 2025 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al | | |

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

**IV.   DISCUSSION**

   **A.   Insufficient Group Pleading**

Defendants first argue that the FAC should be dismissed "because it fails to put each [d]efendant on notice of the alleged wrongdoings specific to that [d]efendant because the FAC improperly groups '[d]efendants' together throughout." Mot. at 6. They argue that a complaint's purpose is to make clear who is being sued for what alleged wrongs, and that because the FAC does not do that, it must be dismissed. Id. Defendants argue that the FAC is devoid of any factual allegations about the Vestis defendants "outside of identifying each of them, stating the type of entity each is (or that it is 'of unknown form'), followed by the conclusory assertion that each 'has been the employer listed on the employment records issued to Plaintiff during the relevant time period that Plaintiff was employed with [d]efendants.'" Id. at 7 (quoting FAC ¶¶ 5-8). With regard to Hall, defendants argue, plaintiff alleges only her name, location, and that she is the Regional Operations Manager for the Vestis defendants. Id. Defendants argue that after these identifications plaintiff only refers to defendants collectively, which does not provide fair notice of the grounds on which she is bringing claims against each of them. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-06238-CAS(PDx) | Date | February 6, 2025 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al | | |

Defendants argue that in addition to the improper grouping, plaintiff has "failed to allege any facts establishing that each of the Vestis [d]efendants [was] her employer," which is required because the claims alleged require an employment relationship as the foundation of liability. Id. When a plaintiff seeks to hold multiple entities liable as joint employers, defendants contend, she must plead specific facts explaining their relationship and how the relevant conduct is attributable to each defendant. Id. at 8. Defendants argue that instead of facts establishing an employment relationship, plaintiff merely asserted that each defendant employed her and that each was listed as an employer on her employment records. Id. Defendants argue this is "insufficient to allege an employment or joint employment relationship by all of the [d]efendants and therefore the claims against them must be dismissed." Id. at 8-9.

In opposition, plaintiff argues that defendants fail to mention that in her FAC she alleges that each of the defendants acted as a joint employer of her and other putative class members. Opp. at 3-4. She argues that defendants are incorrect to try to argue that the relevant pleading standard requires her to prove her joint employer allegations at this stage. Id. at 4. Plaintiff contends that her allegations that each defendant acted as an agent of the other defendants, that they "'carried out a joint scheme, business plan, or policy,'" and that the acts of each defendant are attributable to the others are sufficient. Id. (quoting FAC ¶ 10). She argues that she also uses these allegations to establish that each defendant had control over wages, hours, and working conditions, "or suffered or permitted Class Members to work, or engaged thereby creating a common law employment relationship with Class Members.'" Id. (quoting FAC ¶ 10). Plaintiff argues that she also alleges that defendants were identified on wage statements or other employment records. Id. These allegations, she contends, are sufficient to satisfy the pleading standard. Id.

In reply, defendants contend that plaintiff fails to contest any of their cited case law and instead argues that she can rely on group pleading because she has alleged that defendants are joint employers and that requiring her to allege more specific facts would require her to prove her joint employer claims prematurely. Reply at 1. Defendants argue that requiring plaintiff to state plausible claims against each defendant is different from requiring her to prove those claims. Id. at 1-2. Defendants contend that plaintiff is wrong to rely on Lesnik v. Eisenmann SE, 374 F. Supp. 923, 942 (N.D. Cal. 2019) to support her argument because there the court required plaintiff to allege facts supporting the conclusion that defendants were her joint employers. Id. at 2. Defendants also argue

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-06238-CAS(PDx) | Date | February 6, 2025 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al | | |

that plaintiff is wrong to claim she has pled sufficient facts with her allegation that defendants controlled wages, hours, or working conditions "'or suffered or permitted Class Members to work, or engaged thereby creating a common law employment relationship with Class Members.'" Id. (quoting Opp. at 4 (quoting FAC ¶ 10)). According to defendants, this language is boilerplate and conclusory and need not be accepted as true. Id. Additionally, defendants argue that plaintiff's allegation that defendants were identified on wage statements or other records is insufficient because she has not identified any such records, thus it is not plausible that they existed nor that they identified all defendants as her joint employers. Id. at 3. Defendants argue that even if she has alleged facts to show that each defendant employed her, she has still not sufficiently differentiated her allegations against each defendant. Id.

The Court concludes that plaintiff has sufficiently pled her claim. While the Court agrees with defendants that a complaint must make clear whom a plaintiff is suing for what violations, and that a plaintiff may not group defendants together such that defendants are charged with acts committed by a different entity or individual, the Court finds that plaintiff has sufficiently pled her claims. McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996); Dawson v. One Call Med., Inc., 2021 WL 5513516, at *2 (S.D. Cal. Sept. 21, 2021). Here, plaintiff has sufficiently alleged that each defendant was her employer and that she is informed and believes that each is responsible for the violations claimed. FAC ¶¶ 5-11. Plaintiff alleges that each defendant was named on wage statements or other employment records, and that based on information and belief, each defendant acted as an agent of the other defendants, and that defendants "carried out a joint scheme, business plan, or policy in all respects, and that the acts of each [d]efendant are legally attributable to the other [d]efendants." Id. The Court concludes that plaintiff has thus has plausibly pled that each defendant was responsible for the various Labor Code and other employment related violations she claims, and that accordingly, her FAC should not be dismissed on the basis of improper group pleading.

Defendants contend that in addition to improperly grouping them in her FAC, plaintiff has "failed to allege any facts establishing that the Vestis [d]efendants were her employer" or any facts to demonstrate that they should be held liable as her joint employers. Mot. at 7-8. Under the joint employer doctrine, separate business entities can both qualify as employers if they "share control of the terms [or] conditions of an individual's employment." Johnson v. Serenity Transportation, Inc., 141 F. Supp. 3d 974, 988 (N.D. Cal. 2015) (citing Gutierrez v. Carter Bros. Sec. Servs., LLC, 2014 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06238-CAS(PDx) | Date | February 6, 2025 |
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al | | |

5487793, at *3 (E.D. Cal. Oct. 29, 2014)). Determining whether two entities are properly considered joint employers "'is a legal conclusion that, under California law, depends on a factual inquiry into the totality of the working relationship of the parties.'" Terrell v. Samuel, Son & Co. (USA), No. 20-cv-00587-JGB-KKx, 2020 WL 5372107, at *2 (C.D. Cal. Apr. 23, 2020) (quoting Hibbs-Rines v. Seagate Techs., LLC., 2009 WL 513496, at *5 (N.D. Cal. Mar. 2, 2009) (citing Vernon v. State, 116 Cal. App. 4th 114, 124 n.7 (2004)). Though a plaintiff is not required to prove that defendants were joint employers in her pleadings, she must allege some facts to support this legal conclusion. Id. The Court concludes that plaintiff has met this standard. She has provided the information discussed above, that defendants were listed on her wage statements and employment records and that they controlled her and other Class Members wages, hours, and working conditions. FAC ¶¶ 5-10. The relevant standard requires plaintiff to plead some facts to support that she was jointly employed by defendants, but ultimately, the determination "depends on a factual inquiry," not properly conducted at this stage. Terrell, 2020 WL 5372107, at*2 (internal citations omitted). Accordingly, the Court concludes that plaintiff has sufficiently pled her claims and that they are not properly dismissed on this basis.

      **B.**     **Unpaid Overtime Wages Claim**

Defendants argue that plaintiff's claim for unpaid overtime wages must be dismissed because she fails to allege "any supporting substantive facts that she worked off-the-clock on a day on which she was entitled to overtime." Mot. at 9. Defendants contend that pursuant to the Ninth Circuit's Landers decision, a plaintiff must allege specific periods of time when the wage violation occurred. Id. (citing Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 646). Defendants argue that though plaintiff "attempts to allege some facts to support an overtime violation by pointing to a workweek in which she worked more than eight hours in a day," she ultimately "fall[s] short of ever saying that she worked off-the clock on the same workday on which she had worked at least eight hours such that it is plausible that her allegedly answering 'phone call, text messages, and emails regarding her work duties' triggered unpaid overtime wages.'" Id. at 10. Defendants argue that there is no reason to assume that because she was scheduled to work from 7:00 a.m. to 3:30 p.m., that all of those hours were compensable time. Id. at 11. Because the allegations are excessively vague, defendants argue, plaintiff's claim must be dismissed. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-06238-CAS(PDx) | Date | February 6, 2025 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al | | |

In opposition, plaintiff argues that she has clearly satisfied the pleading standard for this claim because her allegations are more robust than those in defendants' cited case law. Opp. at 5. She contends that she alleged that during a certain work week, she worked in excess of eight hours and that she also did off-the-clock work on those day. Id. Plaintiff argues that further detail is not required. Id.

In reply, defendants argue that the "Court must look to the actual allegations in the FAC and not [p]laintiff's (mis)characterizations of her pleading in her Opposition." Reply at 4. Defendants argue that plaintiff fails to allege in her FAC that the alleged off-the-clock emails, texts, and phone calls took place on workdays or weeks during which she worked more than eight hours a day or forty hours a week, and thus that the claim must be dismissed. Id.

The Court concludes that plaintiff has sufficiently alleged her unpaid overtime wages claim. At issue here is whether plaintiff pled her unpaid overtime wages claim in compliance with the Ninth Circuit standard for this kind of claim. In Boon, the Ninth Circuit determined that Landers, a case based on the Fair Labor Standards Act, "articulated this Court's requirements for stating a wage claim under Twombly and Iqbal," and thus that its holding is applicable outside of the Fair Labor Standards Act context. Boon, 592 F. App'x at 632. In Landers, the court found that plaintiff failed to state a claim for unpaid minimum wages because in his complaint, he "did not allege facts showing that there was a given week in which he was entitled to but denied minimum wages." Landers, 771 F.3d at 645. Here, the Court finds that plaintiff has satisfied this standard with her pleading. Plaintiff alleges the following:

> For example, the during the week of October 10, 2022, Plaintiff worked more than eight hours in a work day. Plaintiff was also not afforded all minimum wages owed to her for any days therein she worked less than eight hours in a day. Indeed, Plaintiff's scheduled work-days began at 7:00 AM and did not end until after 3:30 PM. Yet, Defendants failed to compensate Plaintiff for all hours worked. Additionally, Defendants did not compensate her for the time she spent responding to time sensitive phone calls, text messages, and emails regarding her work duties while she was off-the-clock. Class Members were subjected to the same treatment.

FAC ¶ 18. Defendants contend this is insufficient to establish that plaintiff was entitled to, but denied overtime that week because she does not specifically allege that the off-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:24-cv-06238-CAS(PDx) | Date | February 6, 2025 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al | | |

the-clock work occurred on the same day on which she worked at least eight hours, so it is not plausible that the alleged off-the clock work entitled her to overtime wages. Mot. at 10. The Court disagrees and finds that it can be plausibly inferred from plaintiff's pleading that during the week of October 10, 2022, plaintiff worked more than eight hours in a day and was also required to do off-the-clock work, for which she was not compensated with the requisite overtime pay. Therefore, dismissal of plaintiff's second claim for unpaid wages claim is inappropriate.

### C.    Failure to Pay Vacation Wages Claim

Defendants argue that under California Labor Code § 227.3, when an employee is terminated, she is "entitled to payment for all vested but unused vacation time in accordance with an employer policy or employment contract," and that to state such a claim, a plaintiff must plead the existence and terms of the policy entitling them to the amount of accrued vacation they allege in their complaint, as well as facts supporting that she is entitled to wages for vested vacation time. Mot. at 11. Here, defendants argue that plaintiff only alleges the date of her termination and that defendants failed to pay plaintiff and some class members all accrued vacation pay. Id. at 12. Because the FAC does not allege the policy or the amount of vacation time plaintiff had allegedly accrued during her employment that remained unpaid, defendants contend her claim must be dismissed. Id.

In opposition, plaintiff argues that her allegation that defendants "did not pay out all 'earned and accrued vacation pay'" suffices to establish that there was a policy allowing for the accrual of vacation pay, that such pay was accrued, and that defendants did not pay it as required upon termination. Opp. at 5. Plaintiff contends that this satisfies the pleading standards and that no further facts are necessary at this stage. Id. at 5-6.

In reply, defendants argue that plaintiff fails to discuss or rebut any of the case law on which they rely for the proposition that vague allegations like plaintiff's are in this context insufficient to state a claim. Reply at 4. Indeed, defendants argue, the FAC alleges no facts regarding vacation policy or unused time plaintiff had accrued that remained unpaid as of her termination, thus her claim must be dismissed. Id. at 4-5.

The Court concludes that plaintiff has failed to properly state her claim for unpaid vacation wages. An employee is entitled to payment for vested vacation time at termination under Labor Code § 227.3 only when his employment contract specifically

Case 2:24-cv-06238-CAS-PD   Document 50   Filed 02/06/25   Page 12 of 17   Page ID #:619

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-06238-CAS(PDx) | Date | February 6, 2025 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al | | |

provides for the accrual of such time. Andresen v. Int'l Paper Co., No. 13-cv-2079-CAS AJWx, 2013 WL 2285338, at *3 (C.D. Cal. May 23, 2013) (citing Owen v. Macy's, Inc., 175 Cal. App. 4th 462, 468 (2009)). A plaintiff is required to plead the existence and terms of a policy entitling him to the amount of vacation time he alleges in his complaint. Id.; Suarez v. Bank of Am. Corp., 2018 WL 2431473, at *8 (N.D. Cal. May 30, 2018); Perez v. Performance Food Grp., Inc., 2016 WL 1161508, at *4 (N.D. Cal. Mar. 23, 2016). Here, plaintiff alleges only that she "was not provided with all of her accrued vacation time at the time of separation," and that she and other Class Members have yet to receive this pay owed. FAC ¶ 31. In her claim for failure to pay vacation wages, plaintiff sets forth the requirements of Labor Code § 227.3, but never pleads the existence of a policy nor her entitlement to vacation wages thereunder. FAC ¶¶ 84-87. Accordingly, the Court determines that plaintiff's fifth claim for relief for failure to pay vacation wages must be dismissed with leave to amend.

### D. UCL Claim

Defendants argue that plaintiff's UCL claim must be dismissed because she does not and cannot allege that she lacks an adequate remedy at law for her derivative claims. Mot. at 12. Defendants contend that the Ninth Circuit has held that a federal court cannot order equitable restitution pursuant to state law if an adequate remedy exists at law and that plaintiff must establish that she lacks such an adequate remedy before being awarded equitable restitution under the UCL for past harm. Id. at 12-13 (citing Sonner v. Premier Nutrition Corp., 971 F.3d 834 (9th Cir. 2020)). Because plaintiff cannot plead facts showing that she lacks such a remedy, defendants argue, her claim must be dismissed. Id. at 13. Defendants argue that the restitution of wages wrongfully withheld that plaintiff seeks pursuant to her UCL claim mirrors her claim for wage damages under the Labor Code. Id. Defendants argue that because the claim cannot be saved by amendment, it should be dismissed without leave to amend. Id.

Defendants argue that plaintiff alleges in conclusory form that there is no adequate legal remedy to compensate her and class members for all violations committed in the four years before the filing of the action, but that she provides no facts to support this and "to the extent that [p]laintiff is attempting to set up an argument that the longer statute of limitations period provided by the UCL than the Labor Code means that she does not have an adequate legal remedy, this argument fails." Id. at 14. Defendants contend that plaintiff's employment began less than two years before she filed this action, so complete

Case 2:24-cv-06238-CAS-PD   Document 50   Filed 02/06/25   Page 13 of 17   Page ID #:620

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                               'O'

| Case No. | 2:24-cv-06238-CAS(PDx) | Date | February 6, 2025 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al | | |

relief is available to her even with the three-year statute of limitations for unpaid wage claims under the Labor Code. Id. Additionally, defendants argue, the longer statute of limitations under the UCL does not mean that there is not an adequate remedy at law. Id. Defendants contend that accordingly, this claim must be dismissed without leave to amend. Id.

In opposition, plaintiff argues that the California Supreme Court has established that business practices that violate the Labor Code by definition are unfair business practices. Opp. at 6. She argues that because UCL claims expend up to four years, no legal remedy would be available for the same period. Id. Plaintiff argues that though Sonner establishes that a plaintiff has to plead that they lack an adequate remedy at law, it does not hold that plaintiffs cannot seek alternative remedies at the pleading stage. Id.

In reply, defendants reiterate that the longer statute of limitations period under the UCL does not mean plaintiff lacks an adequate legal remedy under the Labor Code. Reply at 5. Defendants also argue that plaintiff cannot state a UCL claim as an alternative because the question is not whether she must choose between two inconsistent remedies, but whether equitable remedies are available to her at all. Id. at 6. In response to plaintiff's argument that the UCL claim should be remanded, defendants contend that the case law on which plaintiff relies is inapposite because in Morgan v. Rohr, Inc., 2023 WL 7713582 (S.D. Cal. Nov. 15, 2023), unlike here, the parties agreed that the UCL claim should be heard in state court. Id. at 7.

The Court concludes that plaintiff has failed to sufficiently plead her UCL claim. To proceed under the UCL, a plaintiff must plead that she has no adequate remedy at law. Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020). However, it is apparent to the Court that plaintiff is pleading her UCL claim as an alternative theory of relief. As plaintiff notes, she is entitled to plead inconsistent alternative theories at this stage. Anderson v. Edward D. Jones & Co., L.P., 990 F.3d 692, 701 (9th Cir. 2021). Accordingly, the Court determines that plaintiff's ninth claim for a violation of the UCL must be dismissed for failure to plead that she lacks an adequate remedy at law, with leave to amend.

### E. Class Allegations

Defendants argue that plaintiff has failed to plead facts sufficient to establish the commonality requirement of a class action. Mot. at 15. According to defendants, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-06238-CAS(PDx) | Date | February 6, 2025 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al | | |

plaintiff must plead more than a policy and practice of defendants to violate the law in order to satisfy the pleading standard and establish the commonality requirement. Id. Defendants contend that plaintiff has failed to do this here because "[t]he FAC identifies no common policy or practice underlying her claims rather, each of [p]laintiff's alleged common issues merely recites the alleged California Labor Code claims." Id. Defendants argue that plaintiff "specifically disclaims" classwide applicability of her claims "by repeatedly alleging that '[d]efendants' violated the California Labor Code only 'at times,' causing injury to '[p]laintiff and Class Members, or some of them.'" Id. at 16 (quoting FAC ¶¶ 15-32) (emphasis omitted). Defendants argue that courts in the Ninth Circuit often dismiss class allegations when the named plaintiff does not allege facts that plausibly suggest that other putative class members experienced the same work experiences or were subject to the same policies. Id. Defendants contend that the FAC does not "recite substantive allegations of any classwide policy or practice common to all Class Members that support a plausible inference of a claim on behalf of every California nonexempt employee." Id. at 17. Defendants argue that given that plaintiff does not allege her position or other relevant information, and does not allege this about other class members, it is "simply not plausible that her claims of off-the-clock phone calls, texts and emails and home internet expenses are common and typical of the claims of every California non-exempt employee." Id. Accordingly, defendants argue that plaintiff's class allegations must be dismissed or stricken. Id.

In opposition, plaintiff argues that "[p]leadings-based challenged to class definitions are disfavored." Opp. at 8. Plaintiff contends that issues about commonality and typicality are fact questions that are not properly resolved on a motion to dismiss. Id. at 9.

In reply, defendants argue that plaintiff has not replied to its argument that she "expressly disclaims the existence of a common course of conduct throughout the FAC by repeatedly alleging that the Vestis [d]efendants only violated the California Labor Code 'at times' and that they only caused injury to '[p]laintiff and Class Members, or some of them." Reply at 9 (emphasis omitted). Defendants contend that even if, as plaintiff claims, class certification is only properly resolved after discovery has been completed, plaintiff still must allege facts that support a plausible inference that classwide injury resulted from the challenged practices. Id. at 9-10. The case law on which plaintiff relies, defendants argue, does not stand for the proposition that the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06238-CAS(PDx) | Date | February 6, 2025 |
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al | | |

cannot strike a class definition, rather in both cases the Ninth Circuit ruled the district court was wrong to strike the class definition without leave to amend. Id. at 10.

The Court concludes that plaintiff's class claims are not appropriately dismissed or stricken at this stage. Though class allegations can be can be stricken at the pleading stage, Kamm v. California City Dev. Co., 509 F.2d 205, 212 (9th Cir.1975), such motions are "generally disfavored because 'a motion for class certification is a more appropriate vehicle,'" Lyons v. Coxcom, Inc., 718 F. Supp. 2d 1232, 1235-36 (S.D. Cal. 2009) (citing Thorpe v. Abbott Lab., Inc., 534 F.Supp.2d 1120, 1125 (N.D. Cal. 2008)). Because "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's" claims, the Court concludes that the issue of commonality raised by defendants is better adjudicated at a later stage. Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160 (1982). Accordingly, the Court declines to dismiss or strike plaintiff's class allegations.

F. **Claims Against Hall**

Defendants argue that plaintiff fails to state a claim under Labor Code § 558.1 against Hall because such a claim can only be brought against "'a natural person who is an owner, director, officer, or managing agent of the employer,'" with "managing agent" defined in Labor Code § 3294(b). Mot. at 17 (quoting Cal. Lab. Code § 558.1). Under Labor Code § 3294(b), defendants argue, personal liability is limited to "'only those corporate employees who exercise substantial independent authority and judgment in their corporate decision making so that their decisions ultimately determine corporate policy.'" Id. at 18 (quoting White v. Ultramar, Inc., 21 Cal. 4th 563, 566-67 (1999)).

Defendants argue that the FAC fails to allege that Hall made corporate decisions or exercised substantial independent authority and judgment. Id. Defendants contend that plaintiff's contentions that Hall had control over her and other class members' wages, hours, and general working conditions and "'as such controlled company policy'" are insufficient for a § 558.1 claim. Id. Defendants argue that this allegation cannot be accepted as true and the FAC does not provide any other allegations to conclude that as a Regional Operations Manager Hall had corporate-level authority. Id. Accordingly, defendants argue, the FAC fails to state a claim against Hall and she should be dismissed from this action. Id. at 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-06238-CAS(PDx) | Date | February 6, 2025 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al | | |

In opposition, plaintiff argues that she alleged that Hall "was a 'regional operations manager' who 'violated or caused to be violated [the Labor Code sections alleged herein.]'" Opp. at 7 (quoting FAC ¶ 9) (alterations in original). Plaintiff argues that she also alleged that Hall controlled wages, hours, working conditions, and company policy, and that she is included in the term "'[d]efendants,'" and the allegations that come therewith. Id. at 8. Plaintiff argues that the alleged actions "would not be possible were she not in the position to act as a managing agent of [d]efendants with substantial control over the operations, policies and actions of the corporate [d]efendants." Id. Accordingly, she contends, she has adequately pled claims against Hall. Id.

In reply, defendants argue that plaintiff's conclusory allegations cannot be accepted as true, and that even if they could, they are insufficient to establish that Hall is a managing agent of the Vestis defendants such that she is personally liable under Labor Code § 558.1. Reply at 7-8. Defendants argue that supervisors lacking discretionary authority over decisions determining corporate policy are not considered managing agents. Id. at 8. Defendants argue that a similar claim was dismissed in Barajas v. Blue Diamond Growers Inc., 2023 WL 2333548 (E.D. Cal. Mar. 2, 2023) because no facts supported the conclusion that the individual defendant had broad authority or created corporate policy. Id. at 8-9. Plaintiff's allegations, defendants argue, "amount to nothing more than allegations that Hall is a supervisor," which is insufficient for personal liability under Labor Code § 558.1. Id. at 9.

The Court concludes that this question is better decided on a more complete evidentiary record. The term "managing agent" in Labor Code § 558.1, defined by Labor Code § 3294(b), has been defined by the California Supreme Court to "include only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy." White, 21 Cal. 4th 563, 566-67. The court explained that "[t]he scope of a corporate employee's discretion and authority under our test is therefore a question of fact for decision on a case-by-case basis." Id. at 567. The Court finds that at this stage, plaintiff has sufficiently alleged her claim against Hall by alleging that she was the Regional Operations Manager and that she "had control over [p]laintiff and other Class Member's wages, hours, general working conditions and as such controlled company policy." FAC ¶ 8. The Court concludes that this allegation is sufficient at this stage, and that the factual determination about whether the scope of Hall's discretion and authority renders her a "managing agent" must be decided on a more complete evidentiary record.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:24-cv-06238-CAS(PDx) | Date | February 6, 2025 |
|---|---|---|---|
| Title | Samantha Shaunee Brown v. Western First Aid & Safety et al | | |

### V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendants' motion to dismiss the FAC in its entirety.

The Court **DENIES** defendants' motion to dismiss plaintiff's second claim for relief for failure to pay overtime wages under Labor Code § 510.

The Court **GRANTS** defendants' motion to dismiss plaintiff's fifth claim for relief for failure to pay vacation wages pursuant to Labor Code § 227.3, with leave to amend.

The Court **GRANTS** defendants' motion to dismiss plaintiff's ninth claim for relief for a violation of the UCL, with leave to amend.

The Court **DENIES** defendants' motion to dismiss or strike plaintiff's class allegations.

The Court **DENIES** defendants' motion to dismiss defendant Hall.

Plaintiff is directed to file her Second Amended Complaint consistent with this order within 21 days.

IT IS SO ORDERED.

| | | 00 | : | 00 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |