UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL       'O'

| Case No. | 2:23-cv-07711 CAS (PDx);<br>2:24-cv-05513 CAS (PDx); and<br>2:24-cv-06238 CAS (PDx) | Date | February 10, 2025 |
|---|---|---|---|
| Title | Antoinette Fernandez v. Aramark Uniform & Career Apparel, LLC; Lana Ramos v. Vestis Services, LLC v. Vestis Services, LLC aka Aramark Uniform and Career Apparel, LLC; and Samantha Shaunee Brown v. Western First Aid & Safety; et al. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Deborah Parker | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Michael Citrin
Nicholas Rosenthal
Matthew Carraher

Attorneys Present for Defendants:
Sarah Zenewicz

Proceedings:   ZOOM HEARING RE: MOTION TO CONSOLIDATE
(Dkt. 30, filed on October 17, 2024 in case no. 2:23cv07711)

I. INTRODUCTION

Presently before the Court is Aramark Uniform and Career Services, LLC's ("Aramark") motion to consolidate the instant action, Antoinette Fernandez v. Aramark Uniform & Career Services, LLC, No. 2:23-cv-07711-CAS-PD with two other actions before this Court, Samantha Shaunee Brown v. Western First Aid & Safety et al, No. 2:24-cv-06238-CAS-PD, and Lana Ramos v. Vestis Services, LLC et al, No. 2:24-cv-05513-CAS-PD.  On July 12, 2023, plaintiff Antoinette Fernandez ("Fernandez") filed the instant action against Aramark and Doe defendants 1-10 (collectively "Aramark defendants") in Los Angeles Superior Court.  Dkt. 1-1.  On September 15, 2023, Aramark removed the case to federal court pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d)(2) and 1453 ("CAFA").  Dkt. 1.  On October 25, 2023, Fernandez filed a first amended complaint.  Dkt. 16 ("Fernandez complaint").

On June 20, 2024, plaintiff Samantha Shaunee Brown ("Brown") filed a lawsuit in Los Angeles Superior Court on behalf of herself and similarly situated individuals against Vestis Services, LLC (sued as Western First Aid & Safety), Vestis Corporation, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:23-cv-07711 CAS (PDx); 2:24-cv-05513 CAS (PDx); and 2:24-cv-06238 CAS (PDx) | Date | February 10, 2025 |
|---|---|---|---|
| Title | Antoinette Fernandez v. Aramark Uniform & Career Apparel, LLC; Lana Ramos v. Vestis Services, LLC v. Vestis Services, LLC aka Aramark Uniform and Career Apparel, LLC; and Samantha Shaunee Brown v. Western First Aid & Safety; et al. | | |

Vestis Group, Inc. (collectively "Western First Aid & Safety defendants"). See, Case No. 2:24-cv-06238-CAS-PD dkt. 1-1. On July 24, 2024, Western First Aid & Safety defendants removed the action to federal court, pursuant to CAFA. See, Case No. 2:24-cv-06238-CAS-PD dkt. 1. On August 12, 2024, Brown filed a first amended complaint. See, Case No. 2:24-cv-06238-CAS-PD dkt. 15 ("Brown complaint").

On May 13, 2024, plaintiff Lana Ramos ("Ramos") filed an action in Los Angeles Superior Court on behalf of herself and other similarly situated individuals against Vestis Services, LLC and Doe defendants 1-50 (collectively "Vestis defendants"). See Case No. 2:24-cv-05513-CAS-PD dkt. 1-1 ("Ramos complaint"). On June 28, 2024, Ramos defendants removed the action to federal court, pursuant to CAFA. See Case No. 2:24-cv-05513-CAS-PD dkt. 1.

On October 17, 2024, Aramark filed the instant motion to consolidate. Dkt. 30 ("Mot."). On August 1, 2024, the Court accepted the Ramos action as a related case. Case No. 2:24-cv-05513-CAS-PD, dkt. 17. On November 19, 2024, the Court accepted the Brown action as a related case. Case No. 2:24-cv-06238-CAS-PD, dkt. 39. To date, it appears that no party has opposed the present motion.

On February 10, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

II.   BACKGROUND

    A.   Antoinette Fernandez v. Aramark Uniform & Career Apparel, LLC, No. 2:23-cv-07711-CAS-PD

As set forth above, on July 12, 2023, Fernandez filed her first amended complaint against Aramark defendants. The Fernandez complaint alleges seven claims for relief: (1) Failure to Pay Minimum Wages (Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197); (2) Failure to Pay Overtime Compensation (Cal. Lab. Code §§ 1194 and 1198); (3) Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7 and 512); (4) Failure to Authorize and Permit Rest Breaks (Cal. Lab. Code §§ 226.7); (5) Failure to Indemnify Necessary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07711 CAS (PDx); 2:24-cv-05513 CAS (PDx); and 2:24-cv-06238 CAS (PDx) | Date | February 10, 2025 |
|---|---|---|---|
| Title | Antoinette Fernandez v. Aramark Uniform & Career Apparel, LLC; Lana Ramos v. Vestis Services, LLC v. Vestis Services, LLC aka Aramark Uniform and Career Apparel, LLC; and Samantha Shaunee Brown v. Western First Aid & Safety; et al. | | |

Business Expenses (Cal. Lab. Code § 2802); (6) Failure to Timely Pay Final Wages (Cal. Lab. Code §§ 201-203); and (7) Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226). Fernandez Compl. ¶¶ 33-77.

Fernandez is a California resident who worked for Aramark defendants as a folder and ironer from about November 2022 to January 2023. Id. ¶ 10. Aramark is a limited liability company with its principal place of business in Georgia, conducting business in California. Id. ¶ 12.

Fernandez defines the Class she seeks to represent as "[a]ll persons who worked for any [Aramark d]efendant in California as an hourly, non-exempt employee, at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent." Id. ¶ 26.

Fernandez alleges that throughout the statutory period, Aramark defendants failed to pay her for all hours worked, failed to provide uninterrupted meal periods, failed to authorize and permit uninterrupted rest periods, failed to indemnify necessary business expenses, failed to timely pay all final wages, and failed to furnish accurate wage statements. Id. ¶ 17. Fernandez alleges that Aramark defendants' "name on the wage statement was incorrect during the statutory period, as it states 'Aramark Uniform & Career Apparrel, LLC' instead of 'Aramark Uniform & Career Apparel, LLC[,]' which is the correct name of the entity." Id. ¶ 18.

Fernandez claims that Aramark defendants failed to provide legally compliant meal periods because they sometimes required Fernandez and others to work for more than five hours without providing a thirty minute, continuous and uninterrupted duty-free meal period or failed to compensate employees for the lack of such meal periods. Id. at ¶ 19. Fernandez further alleges that Aramark defendants did not inform her and the Class of their right to take such a meal period and deducted meal periods, "despite them being short regularly due to the fact that [Fernandez] and the Class were required to walk to specified areas for their meal periods." Id. Fernandez also alleges that Aramark

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:23-cv-07711 CAS (PDx); 2:24-cv-05513 CAS (PDx); and 2:24-cv-06238 CAS (PDx) | Date | February 10, 2025 |
|---|---|---|---|
| Title | Antoinette Fernandez v. Aramark Uniform & Career Apparel, LLC; Lana Ramos v. Vestis Services, LLC v. Vestis Services, LLC aka Aramark Uniform and Career Apparel, LLC; and Samantha Shaunee Brown v. Western First Aid & Safety; et al. | | |

defendants maintained a policy and practice of not permitting her and the Class to leave the premises during meal and rest periods. Id.

Fernandez alleges that Aramark defendants sometimes required her and the Class to work in excess of four consecutive hours in a day without authorizing and permitting a ten minute, continuous and uninterrupted rest period for every four hours of work, or without compensating them for the lack of such a rest period. Id. ¶ 20. Fernandez alleges that Aramark defendants did not adequately inform her and the Class of their right to take a rest period, did not have adequate policies or practices to permit or authorize rest periods, policies or practices regarding the timing of rest periods, or policies or practices to verify whether the requisite rest periods were being taken. Id. Fernandez alleges that Aramark defendants did not maintain accurate employee work period records, and thus they cannot demonstrate that rest periods were taken. Id.

Additionally, Fernandez alleges that the Aramark defendants "wrongfully required [her] and the Class to pay expenses that they incurred in direct discharge of their duties … without reimbursement," and that the Aramark defendants "willfully failed and refused to timely pay [Fernandez] and the Class at the conclusion of their employment all wages …." Id. ¶ 21-22. Aramark defendants also, Fernandez claims, failed to provide accurate, itemized wage statements showing all applicable hourly rates and gross and net wages earned. Id. ¶ 23. According to Fernandez, the wage statements fail to show Aramark defendants' address as required by California law. Id.

As a result of these violations of California Labor Code ("Labor Code") § 226(a), Fernandez alleges that she and the Class suffered injury. Id. ¶ 23 (a)-(h).

### B.    Samantha Shaunee Brown v. Western First Aid & Safety et al, No. 2:24-cv-06238-CAS-PD

On August 12, 2024, Brown filed her first amended complaint against the Western First Aid & Safety defendants. Brown Compl. The complaint brings nine claims for relief: (1) Failure to Pay Minimum Wages (Cal. Lab. Code §§ 204, 1185, 1194, 1194(a), 1194.2, 1197, 1197.1, 558); (2) Failure to Pay Wages and Overtime (Cal. Lab. Code §§

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07711 CAS (PDx); 2:24-cv-05513 CAS (PDx); and 2:24-cv-06238 CAS (PDx) | Date | February 10, 2025 |
|---|---|---|---|
| Title | Antoinette Fernandez v. Aramark Uniform & Career Apparel, LLC; Lana Ramos v. Vestis Services, LLC v. Vestis Services, LLC aka Aramark Uniform and Career Apparel, LLC; and Samantha Shaunee Brown v. Western First Aid & Safety; et al. | | |

204, 510, 558, 1194); (3) Meal Period Liability (Cal. Lab. Code § 226.7; IWC Wage Order ¶ 11); (4) Rest-Break Liability (Cal. Lab. Code § 226.7; IWC Wage Order ¶ 12); (5) Failure to Pay Vacation Wages (Cal. Lab. Code § 227.3); (6) Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226(a)); (7) Failure to Timely Pay Final Wages (Cal. Lab. Code § 203); (8) Failure to Reimburse Necessary Business Expenses (Cal. Lab. Code § 2802); (9) Violation of Business & Professions Code § 17200 *et seq.* ("the UCL"). Id. ¶¶ 49-116.

Brown seeks to represent nine subclasses: (1) the Minimum Wages Subclass; (2) the Wages and Overtime Subclass; (3) the Meal Period Subclass; (4) the Rest Break Subclass; (5) the Wage Statement Subclass; (6) the Termination Pay Subclass (7) the Vacation Pay Subclass; (8) the Expense Reimbursement Subclass; and (9) the UCL Subclass. Id. ¶ 35(a-i).

Brown contends that she and the Class, or some members thereof, were not paid by Western First Aid & Safety defendants for all hours worked or were not paid at the appropriate minimum, regular and overtime rates. Id. ¶ 15. She also alleges that Western First Aid & Safety defendants failed at times to pay some or all Class members "all wages due and owing, including by requiring off the clock work, failing to provide meal and rest breaks, failing to furnish accurate wage statements, failing to timely pay wages including final wages, failing to pay out vacation days, and failing to reimburse necessary business expenses all in violation of … the … Labor Code and applicable Wage Orders." Id.

Brown alleges a number of specific examples of off the clock work. These include requirements that employees answer emails promptly even outside of work hours and managers instructing employees to clock out at the end of shifts to avoid overtime, while requiring them to answer any emails received toward the end of a shift after clocking out. Id. ¶ 16. Brown specifies instances during which she alleges she worked more than eight hours in a day and did other off the clock work, but did not receive the requisite overtime. Id. ¶ 18. Brown also contends that she and others were not paid at the required increased rate for the overtime hours they worked. Id. ¶ 20. She alleges that Western First Aid &

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07711 CAS (PDx); 2:24-cv-05513 CAS (PDx); and 2:24-cv-06238 CAS (PDx) | Date | February 10, 2025 |
| Title | Antoinette Fernandez v. Aramark Uniform & Career Apparel, LLC; Lana Ramos v. Vestis Services, LLC v. Vestis Services, LLC aka Aramark Uniform and Career Apparel, LLC; and Samantha Shaunee Brown v. Western First Aid & Safety; et al. | | |

Safety defendants' "willful actions resulted in the systemic underpayment of wages to Class Members, including underpayment of overtime pay to Class Members, or some of them, over a period of time." Id. ¶ 21. Brown also alleges the specific manner in which meal and rest breaks were interrupted, claiming that "[s]he was made to acknowledge and respond to time sensitive emails, phone calls and/or text messages." Id. ¶ 24. As a result, she alleges, she and other Class Members who were subjected to the same treatment did not receive a full thirty minutes of off-duty rest time. Id. Brown alleges that she and other Class Members were also not afforded premium pay of one hour of additional wages for each meal or rest break that Western First Aid & Safety defendants failed to provide, or which was provided but did not meet the requirements of California law. Id. ¶ 25.

Brown also alleges that Western First Aid & Safety defendants failed to issue accurate itemized wage statements as required by Labor Code § 226(a) because they failed to accurately list the amount of total hours worked by failing to account for unpaid wages and by failing to account for actual hours worked because of under-reported off the clock work. Id. ¶ 30. Brown also contends that Western First Aid & Safety defendants have a policy of failing to pay all wages owed within seventy-two hours of termination and that they regularly required Class Members to incur business expenses in the course of performing their required job duties. Id. ¶¶ 31-32. Brown alleges specifically that she was required to pay for a home WiFi system to do her remote job. Id. ¶ 32.

On August 19, 2024, plaintiff filed a motion to remand the case to Los Angeles Superior Court. No. 2:24-cv-06238-CAS-PD dkt. 16. On December 9, 2024, the Court denied plaintiff's motion to remand the case to state court. Case No. 2:24-cv-06238-CAS-PD dkt. 47.

On August 26, 2024, defendants filed a motion to dismiss plaintiff's FAC. Case No. 2:24-cv-06238-CAS-PD dkt. 17. On February 6, 2025, the Court granted in part and denied in part defendants' motion to dismiss, with leave to amend. Case No. 2:24-cv-06238-CAS-PD dkt. 50.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07711 CAS (PDx); 2:24-cv-05513 CAS (PDx); and 2:24-cv-06238 CAS (PDx) | Date | February 10, 2025 |
| Title | Antoinette Fernandez v. Aramark Uniform & Career Apparel, LLC; Lana Ramos v. Vestis Services, LLC v. Vestis Services, LLC aka Aramark Uniform and Career Apparel, LLC; and Samantha Shaunee Brown v. Western First Aid & Safety; et al. | | |

    C.    <u>Ramos v. Vestis Services, LLC et al, No. 2:24-cv-05513-CAS-PD</u>

On May 13, 2024, Ramos filed her complaint against Vestis defendants. Ramos Compl. Ramos alleged a single claim for relief: (1) Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226(a)). <u>Id.</u> ¶ 25-28. Ramos defines the Class she seeks to represent as "[a]ll current and former non-exempt employees of [Vestis d]efendant[s] in the State of California who were paid overtime wages at any time from May 14, 2023, through the present." <u>Id.</u> ¶ 14.

Ramos alleges that Vestis defendants "as a matter of policy and practice, did not provide accurate wage statements to Class Members, in violation of Labor Code section 226(a)." <u>Id.</u> ¶ 26. Ramos contends that the wage statements provided failed to include all applicable hourly rates during the pay period and the corresponding number of hours worked at each rate by the employees when overtime wages were paid. <u>Id.</u> She specifically alleges that "when the listed overtime rate is multiplied by the listed overtime hours, they do not equal the listed overtime pay." <u>Id.</u>

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions involving a common question of law or fact. Fed. R. Civ. P. 42(a). Consolidation is proper when it serves the purposes of judicial economy and convenience. "The district court has broad discretion under this rule to consolidate cases pending in the same district." <u>Investors Research Co. v. United States District Court for the Central District of California</u>, 877 F.2d 777 (9th Cir. 1989). "In determining whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." <u>Ferguson Corinthian Colleges Inc.</u>, No. 11-cv-0127-DOC, 2011 WL 1519352, at *2 (C.D. Cal. Apr. 15, 2011) (quotation marks omitted); <u>see also</u> <u>Huene v. United States</u>, 743 F.2d 703, 704 (9th Cir. 1984) ("The district court, in exercising its broad discretion to order consolidation of actions presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07711 CAS (PDx); 2:24-cv-05513 CAS (PDx); and 2:24-cv-06238 CAS (PDx) | Date | February 10, 2025 |
|---|---|---|---|
| Title | Antoinette Fernandez v. Aramark Uniform & Career Apparel, LLC; Lana Ramos v. Vestis Services, LLC v. Vestis Services, LLC aka Aramark Uniform and Career Apparel, LLC; and Samantha Shaunee Brown v. Western First Aid & Safety; et al. | | |

would cause"). "[T]ypically, consolidation is favored." Ho Keung Tse v. Apple, Inc., No. 12-cv02653-SBA, 2013 WL 451639, at *3 (N.D. Cal. Feb. 5, 2013).

## IV. DISCUSSION

Aramark seeks to consolidate these three cases pursuant to Federal Rule of Civil Procedure 42(a) for the purposes of discovery and motion practice. Mot. at 6-7. Aramark argues that though the defendants in the three cases have different names, they are all the same entity and the putative class in each case is comprised of the same population of California non-exempt employees. Id. Aramark contends that on November 14, 2023, Aramark Uniform & Career Apparel, LLC became defendant Vestis Services, LLC, as confirmed by its filing of a Certificate of Amendment with the Delaware Secretary of State.[1] Id. Western First Aid & Safety, Aramark contends, is not a separate legal entity, rather it is a division within Vestis Services, LLC. Id. Therefore, "every putative class member in Ramos and Brown is a putative class member in this first-filed Fernandez action." Id.

---

[1] Aramark requests that the Court take judicial notice of three exhibits. Dkt. 31. The exhibits are: (1) its Foreign Limited Liability (LLC) Name Change Amendment filed with the California Secretary of State on December 27, 2023, attaching its Certificate of Amendment changing the name of Aramark Uniform & Career Apparel, LLC to Vestis Services, LLC; (2) its Amended Statement by Foreign Corporation (Name Change Only) filed with the California Secretary of State on February 28, 2024, attaching its Certificate of Amendment changing the name of Aramark Uniform & Career Apparel Group, Inc. to Vestis Group, Inc.; and (3) its Amended Statement by Foreign Corporation filed with the California Secretary of State on August 16, 2024, attaching its Certificate of Amendment changing the name of Vestis Group, Inc. to Vestis Uniforms and Workplace Supplies, Inc. Id. at 1. A court may properly take judicial notice of undisputed matters of public record. See Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Accordingly, the Court finds it appropriate to take judicial notice of these three exhibits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:23-cv-07711 CAS (PDx); 2:24-cv-05513 CAS (PDx); and 2:24-cv-06238 CAS (PDx) | Date | February 10, 2025 |
|---|---|---|---|
| Title | Antoinette Fernandez v. Aramark Uniform & Career Apparel, LLC; Lana Ramos v. Vestis Services, LLC v. Vestis Services, LLC aka Aramark Uniform and Career Apparel, LLC; and Samantha Shaunee Brown v. Western First Aid & Safety; et al. | | |

Because the three cases allege overlapping Labor Code claims and because plaintiffs seek to represent overlapping classes against the same defendant, Aramark argues, "[c]onsolidation for the purposes of discovery and motion would further the goal of judicial economy because the cases involve overlapping legal and factual questions, and consolidation would reduce unnecessary cost and duplication of effort, and importantly avoid the risk of inconsistent rulings, including with respect to class certification under Rule 23." Id. at 6-7. Aramark contends that consolidation would not cause delay, confusion, or prejudice. Id. at 7. Aramark states that it does not seek to consolidate these cases for trial, nor would it seek to prevent plaintiffs from bringing individual dispositive motions related to issues distinct to each case. Id.

Aramark contends that both Brown and Fernandez "allege the following identical claims: failure to pay minimum wages, failure to pay overtime, failure to provide meal periods, failure to provide rest periods, failure to indemnify necessary business expenses, and failure to timely pay wages at termination." Id. at 10. All three cases, Aramark states, allege a claim pursuant to Labor Code § 226. Id. Accordingly, Aramark argues that discovery will involve overlapping facts, documents, records, and witness depositions. Id. Having to respond in three separate actions, Aramark argues, would be "inefficient and unduly burdensome and harassing to [d]efendant." Id. at 10-11. Aramark argues that consolidation is necessary to conserve the Court's resources and to ensure consistent rulings, while allowing case-specific claims to be resolved independently. Id. at 11.

Aramark argues that the benefits of proposed consolidation outweigh the risks because here consolidation does not pose risk of delay, prejudice or confusion, nor would it place an undue burden on any party. Id. Aramark "proposes that the following procedures should be established:

(1) Coordinated written discovery.
(2) A coordinated set of Rule 30(b)(6) deposition topics and coordinated 30(b)(6) deposition(s) that can be attended by all plaintiff[s'] counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:23-cv-07711 CAS (PDx); 2:24-cv-05513 CAS (PDx); and 2:24-cv-06238 CAS (PDx) | Date | February 10, 2025 |
|---|---|---|---|
| Title | Antoinette Fernandez v. Aramark Uniform & Career Apparel, LLC; Lana Ramos v. Vestis Services, LLC v. Vestis Services, LLC aka Aramark Uniform and Career Apparel, LLC; and Samantha Shaunee Brown v. Western First Aid & Safety; et al. | | |

(3) Coordination of discovery deadlines and motion deadlines …. One consolidated class certification motion should be filed by all plaintiffs to avoid inconsistent rulings.
(4) Parties may bring summary judgment or other dispositive motions to the extent any of the Related Cases involve any claims that are not common with the other Related Cases."

Mot. at 12.

The Court concludes that consolidation for the purposes of discovery and motion practice is appropriate here. The three cases involve overlapping questions of fact and law that arise from alleged Labor Code violations by the same company, sued under three different names. The three plaintiffs seek to represent the same putative class, with minor variation in time period covered. Fernandez and Brown state six identical claims, and all three actions state a claim pursuant to Labor Code § 226 for failure to provide accurate itemized wage statements. The cases are all in similar, early stages of litigation, with discovery not having begun. Accordingly, it is likely that there will be duplicative discovery across the cases, which could be made more efficient for the parties and the Court through consolidation. However, at this juncture, the Court will reserve judgment as to whether it is appropriate to consolidate class certification motions in these cases.

The Court finds that consolidation of other pretrial proceedings would not prejudice the plaintiffs in these cases. The cases will remain independent for trial and plaintiffs can continue to file separate dispositive motions on issues that do not overlap. The Court concludes that defendants in all three cases, who are properly considered one entity, would be burdened by the likely duplicative discovery if the three cases were not so consolidated.

Accordingly, the Court concludes that consolidation is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07711 CAS (PDx); 2:24-cv-05513 CAS (PDx); and 2:24-cv-06238 CAS (PDx) | Date | February 10, 2025 |
|---|---|---|---|
| Title | Antoinette Fernandez v. Aramark Uniform & Career Apparel, LLC; Lana Ramos v. Vestis Services, LLC v. Vestis Services, LLC aka Aramark Uniform and Career Apparel, LLC; and Samantha Shaunee Brown v. Western First Aid & Safety; et al. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Aramark's motion to consolidate the three cases for pretrial proceedings, including discovery. However, the Court **RESERVES** the issue of whether class certification motions should be consolidated to a later when the record is more complete.

The three cases will remain independent for trial and plaintiffs can continue to file separate dispositive motions on issues that do not overlap.

IT IS SO ORDERED.

|  |  | 00 | : | 01 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |